IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:22-cv-02886

BRANDON PRYOR,

    Plaintiff,

v.

SCHOOL DISTRICT NO. 1 d/b/a DENVER PUBLIC SCHOOLS;
SUPERINTENDENT ALEX MARRERO in his Individual and Official Capacities; and
DEPUTY SUPERINTENDENT ANTHONY SMITH in his Individual and Official Capacities

    Defendants.

## [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

THIS MATTER comes before the Court on Plaintiff Brandon Pryor's ("Mr. Pryor") Motion for Preliminary Injunction (the "Motion"). Having reviewed the papers filed in support of and in opposition to the Motion, and being fully advised on the matter, the Court finds that Mr. Pryor has demonstrated sufficient evidence to satisfy the elements under Fed.R.Civ.P. 65(a), and therefore the Motion is **GRANTED** as follows:

    1.    THE COURT FINDS that Mr. Pryor has satisfied his burden of showing the following: (a) a likelihood of success on the merits; (b) a likelihood that Mr. Pryor will suffer irreparable harm in the absence of preliminary relief; (c) that the balance of equities tips in Mr. Pryor's favor; and (4) that the injunction is in the public interest. RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009).

    2.    THE COURT therefore preliminary RESTRAINS AND ENJOINS Defendants School District No. 1 d/b/a Denver Public Schools ("DPS"), Alex Marrero, Anthony Smith (collectively "Defendants"), and Defendants' agents, servants, employees, attorneys, and all others

in active concert or participation with Defendants, from the following: (a) banning Mr. Pryor from DPS property (including the Robert F. Smith STEAM Academy (the "STEAM Academy")), public comment, coaching, volunteering, and otherwise freely participating in DPS events and activities; and (b) otherwise restraining, prohibiting, or suppressing Mr. Pryor or any other person within DPS from exercising free speech;

3. THE COURT FURTHER ENJOINS AND RESTRAINS Defendants and their officers, agents, affiliates, subsidiaries, servants, employees, and all other persons or entities in active concert or privity or participation with them from taking any further retaliatory action against Mr. Pryor, his children, the STEAM Academy, or anyone else involved for bringing this lawsuit or for advocating for free speech rights;

4. THE COURT FURTHER ORDERS that Defendants immediately and fully restore Mr. Pryor's ability to coach, access the STEAM Academy as a school founder, volunteer, speak at public comment and otherwise engage in activities he engaged in prior to Defendants' issuance of the ban on Mr. Pryor;

5. THE COURT FURTHER ORDERS Defendants to take such affirmative steps necessary to remediate the past restraints on Mr. Pryor's expression, including, but not limited to, preparing and publishing a statement announcing to the public, and especially to the parents and families of the STEAM Academy, that Defendants erroneously issued the ban on Mr. Pryor and that Defendants have rescinded the ban effective immediately.

6. This Preliminary Injunction shall take effect immediately and shall remain in effect pending trial in this action or further order of this Court.

7. THE COURT will retain jurisdiction over this matter to enforce the terms of this order and to hear the merits of the underlying Complaint and Jury Demand.

**IT IS SO ORDERED**.

                                                        _____
United States District Judge
Honorable Judge John L. Kane